IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMBER WASHINGTON, et al.,            :

    Plaintiffs,                               :

    vs.                                              :

JEFFERSON TOWNSHIP LOCAL       :
SCHOOL DISTRICT SCHOOL           :
BOARD, et al.,                                  :

    Defendants.                             :

Case No. 3:04cv336

JUDGE WALTER HERBERT RICE

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO REMAND (DOC. #4); CAPTIONED CAUSE ORDERED REMANDED TO MONTGOMERY COUNTY COMMON PLEAS COURT; TERMINATION ENTRY

The Plaintiffs brought this litigation in Montgomery County Common Pleas Court, setting forth in their Complaint ten substantive claims against Defendants Damian Patrick Barker ("Barker"), Jefferson Township Local School District School Board ("Jefferson Township Board") and James Smith ("Smith").[1]  Nine of those claims arise under the law of Ohio, while the tenth is a federal law claim under 42 U.S.C. § 1983.  The Defendants removed this litigation to this Court, under the theory that federal question jurisdiction exists over Plaintiffs' single federal law

---

[1] The Plaintiffs have also set forth an eleventh claim for punitive damages.

claim under 28 U.S.C. §§ 1331 and 1441, and that supplemental jurisdiction exists over their nine state law claims in accordance with 28 U.S.C. § 1367). See Doc. #1.  This case is now the Court on Plaintiffs' Motion to Remand (Doc. #4). Therein, Plaintiffs argue that the Court must remand this matter, because the Notice of Removal was untimely, given that it was filed on September 17, 2004, and both the Jefferson Township Board and Smith had been served more than 30 days earlier.[2]

The Court begins its analysis by setting forth the legal standards it must apply when ruling upon the Plaintiffs' motion.  Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the defendant is served with or otherwise receives the copy of the first pleading which is removable.[3]  When a plaintiff's initial complaint is removable, the time for removal begins to run when

---

[2]Since the basis of Plaintiffs' request to remand is that the Defendants did not comply with the procedural requirements for removal, rather than a challenge to this Court's subject matter jurisdiction, they (Plaintiffs) were required to file their motion to remand within 30 days of the filing of Defendants' notice of Removal. See 28 U.S.C. § 1447(c).  Given that the Notice of Removal was filed on September 17, 2004, and the Plaintiffs' Motion to Remand was filed the following October 15th, the Court concludes that Plaintiffs complied with that temporal requirement.

[3]The Plaintiffs also argue that the Court must remand this matter, because Barker did not give timely consent to removal.  That assertion is predicated on the unchallenged fact that the Notice of Removal, which contained Barker's consent, was filed more than 30 days after he was served.  This Court rejects Plaintiffs' argument in this regard, since it is contrary to Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999).  Therein, the Sixth Circuit held that, in cases with multiple defendants served at different times, a later-served defendant has 30 days from date of service to remove the matter, as long as he obtains consent to removal from the remaining defendants.  Herein, Plaintiffs argue that a later-served defendant must obtain consent within 30 days of the date upon which the others defendants were served, thus depriving the later-served defendant of the allowed 30 days in which to remove.

the defendant has been served. Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 353-54 (1999). In Mitchell v. Lemmie, 231 F. Supp.2d 693 (S.D.Ohio 2002), this Court reviewed the requirement that a notice of removal be filed in timely fashion:

> The Sixth Circuit has held that the statute conferring removal jurisdiction is to be construed strictly, because removal jurisdiction encroaches on a state court's jurisdiction. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); Bearup v. Milacron, 2002 WL 482548, *3 (E.D.Mich. Feb. 28, 2002); Gafford v. General Electric Co., 997 F.2d 150, 164 (6th Cir. 1993). "The strict time requirement for removal in civil cases is not jurisdictional; rather, 'it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.'" Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir.), cert. denied, 510 U.S. 871 (1993) (citation omitted).

Id. at 697-98. The party removing an action bears the burden of establishing that the notice of removal was filed in a timely manner. McGhee v. Allstate Ins. Co., 2005 WL 2039181 (E.D.Pa. 2005); Yorker v. Manalapan Police Dept., 2005 WL 1429879 (D.N.J. 2005); Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc., 2002 WL 31509881 (S.D.N.Y. 2002); Groesbeck Investments, Inc. v. Smith, 224 F. Supp.2d 1144 (E.D.Mich. 2002); Parker v. Brown, 570 F. Supp. 640 (S.D.Ohio 1983).

Since the Notice of Removal was filed on September 17, 2004, the question becomes whether the Defendants have met their burden of showing that the Jefferson Township Board, Smith or both were served no more than 30 days earlier, i.e., on August 18, 2004 or later.[4] The Clerk of the Montgomery County Common Pleas Court served those Defendants by certified mail, in accordance with Rule 4.1 of the Ohio Rules of Civil Procedure. As exhibits 2 and 3 to their motion,

---

[4]It is uncontested that Barker was served August 11, 2004.

Plaintiff have submitted what the parties agree are copies of the "green cards," by which receipt of the certified mail by Smith and the Jefferson Township Board was acknowledged. Neither of those cards was dated. Each was signed by Alice Wills ("Wills"), an employee of the Jefferson Township Board.[5] In her affidavit, which is attached to Defendants' Memorandum in Opposition (Doc. #8), Wills states that she did not date the cards and that she cannot remember when she signed them. Defendants have also submitted the affidavits of Smith, Dr. Norris Brown ("Brown") and Bettina Long,[6] each of whom indicates that he or she cannot remember when Wills signed for the certified mail.

    In the absence of evidence as to the date that Wills signed the two green cards, Defendants argue that the Court should find that Wills did so on August 18, 2004, the date which is listed on the docket sheet for this litigation, maintained by the Montgomery County Clerk of Courts as the "date of return," i.e., the date upon which the signed green cards were returned to the Clerk of Courts.[7] Although the Court accepts that those cards were returned to the Clerk of Courts on August 18th, it cannot find that either the Jefferson Township Board or Smith was served on that date. For those Defendants to have been served on that date, the United States Postal Service would have to have obtained Wills' signature on the green

---

[5]Smith and the Jefferson Township Board were both served at the offices of the latter.

[6]Brown is the Superintendent of the Jefferson Township Board, while Long is his Secretary.

[7]In his affidavit, which is attached to Defendants' Memorandum in Opposition (Doc. #8), James Knight, the Chief Deputy of Legal Department for the Montgomery County Clerk of Courts, states that when a green card is returned without the date of delivery set forth on it, the date of return is the only date acknowledged on the docket sheet.

cards on that date and, on the same date, to have hand delivered them to the Montgomery County Clerk of Courts.  The Defendants have failed, however, to present evidence demonstrating either that the Postal Service did so in this instance or that it routinely hand delivers return receipts from certified mail to the sender on the date that such mail has been delivered.  Therefore, the Court concludes that the Defendants have failed to meet their burden of proving that they filed the Notice of Removal in timely fashion (i.e., within 30 days of the date upon which the last of them was served).

Nevertheless, the Defendants argue that the Court should hold that their time to remove this action began on the date upon which service was returned to the Clerk of Courts, since the actual date or dates upon which service took place is unknown.[8]  According to Defendants, they should not be required to engage in an extensive investigation, such as visiting the Web Site for the United States Postal Service, in order to discover the date upon which they were served.  The Court rejects this argument.  First, the statute requires that a notice of removal be filed within 30 days of the date of service, not within 30 days of the date upon which the clerk of courts records that service was made.  See 28 U.S.C. § 1446(b). Second, a party can avoid the need to conduct the extensive investigation, by

---

[8]This argument appears to have been induced, in part, by the two unauthenticated documents Plaintiffs have attached to their motion, which purport to be copies of pages from the Web Site of the United States Postal Service.  According to Plaintiffs, those documents show that Smith and the Jefferson Township Board were served on August 11, 2004, more than 30 before the Notice of Removal was filed on September 17, 2004.  Since the Court has concluded above that the Defendants failed to satisfy their burden of proving that removal was timely, without considering those documents, it is not necessary to address Defendants' objection to those documents on the basis of lack of authenticity.

ensuring that the green card has been dated, or even recording the date upon which it was served.

Based upon the foregoing, the Court sustains the Plaintiffs' Motion to Remand (Doc. #4).  The captioned cause is ordered remanded to the Montgomery County Common Pleas Court.[9]

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 19, 2005

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record
Montgomery County Clerk of Courts
Clerk of Courts, United States District Court for the Southern District
of Ohio–Dayton

---

[9] The Motion for Judgment on the Pleadings (Doc. #2), which the Jefferson Township Board and Smith initially filed in the Montgomery County Common Pleas Court before removal, can be ruled upon by that court after remand.